| SUMMONS - CIVIL | STATE OF CONNECTICUT |
|---|---|
| JD-CV-1 Rev 10-15<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259; P.B. §§ 3-1 through 3-21, 8-1, 10-13 | SUPERIOR COURT<br>www.jud.ct.gov |

See other side for instructions

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [X] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 20 Franklin Square, New Britain, Connecticut 06051 | ( 860 ) 515-5180 | September 27, 2016 |

| [X] Judicial District  [ ] G.A. Number: <br>[ ] Housing Session | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)<br>New Britain | Case type code (See list on page 2)<br>Major: M   Minor: 90 |
|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Andrew T. Redman, Esq., Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| ( 860 ) 296-3457 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | [X] Yes  [ ] No | Email address for delivery of papers under Section 10-13 (if agreed to)<br>aredman@cicchielloesq.com |
|---|---|---|

Number of Plaintiffs: 1   Number of Defendants: 1   [ ] Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Margarita Gonzalez<br>Address: 869 East Street, Third Floor, New Britain, CT 06051 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Lyman Products Corporation, 475 Smith Street, Middletown, CT 06457<br>Address: Agent for Service: Richard W. Tomc, 49 Main Street, Middletown, CT 06457 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | [X] Commissioner of the Superior Court  [ ] Assistant Clerk | Name of Person Signing at Left<br>Andrew T. Redman, Esq. | Date signed<br>08/25/2016 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

A TRUE COPY
ATTEST
STUART E. WOODS
STATE MARSHAL
MIDDLESEX COUNTY

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | |
|---|---|
| RETURN DATE: SEPTEMBER 27, 2016 | SUPERIOR COURT |
| MARGARITA GONZALEZ | J.D. OF NEW BRITAIN |
| V. | AT NEW BRITAIN |
| LYMAN PRODUCTS CORPORATION | AUGUST 25, 2016 |

## COMPLAINT

**FIRST COUNT:**   Age Discrimination and Wrongful Termination in violation of Connecticut General Statutes § 46a-60 (a) (1)

1. This is an action to redress discrimination and wrongful termination on the basis of age and perceived disability in violation of the provisions of the Connecticut Fair Employment Practices Act (hereinafter referred to as "the CFEPA") set forth in Connecticut General Statutes § 46a-60 (a) (1), as well as for retaliation in violation of the Family Medical Leave Act (hereinafter referred to as "the FMLA"), 29 U.S.C § 2612, *et seq*.

2. At all times set forth herein, the plaintiff, Margarita Gonzalez (hereinafter referred to as "the plaintiff"), was a resident of the City of New Britain, State of Connecticut.

3. The plaintiff's date of birth is November 8, 1964, making her fifty-one (51) years old.

4. The defendant, Lyman Products Corporation (hereinafter referred to as "the defendant"), is a domestic corporation, organized under the laws of the state of Connecticut, which operates a manufacturing facility located at 475 Smith Street, Middletown, Connecticut 06457.

5. The defendant employs fifty (50) or more employees at the location where the plaintiff worked.

6. The plaintiff filed an administrative complaint with the Commission on Human Rights and Opportunities (hereinafter referred to as "the CHRO") on or about December 28, 2015, and received a release of jurisdiction from the CHRO dated June 6, 2016. This action is brought within ninety (90) days of the release of jurisdiction, which is attached hereto as **Exhibit A**.

7. The plaintiff was employed by the defendant for approximately seventeen (17) years in its manufacturing operations until the wrongful termination of her employment on or about November 2, 2015.

8. For approximately the first fifteen (15) years of the plaintiff's employment she never had any issues, and was considered a good and productive employee, as evidenced by the length of her tenure of employment and work performance.

9. For the last several years of the plaintiff's employment, she held a position as a lead person where she was responsible to assign jobs to other employees and oversee their work.

10. In or about September 2013, and again in December 2014, the plaintiff requested medical leave in order to undergo necessary foot surgery. On each of those occasions, she was out on leave under the FMLA for approximately ten (10) to twelve (12) weeks before returning to work.

11. In contrast to having no issues at work before her surgeries, following her surgeries, everything changed for the plaintiff, and the defendant started putting a lot of pressure on her at work.

12. In approximately March 2015, the defendant replaced a number of its managerial level employees, including the plaintiff's supervisor.

13. The plaintiff's new supervisor, Diezel Bessett, was a new hire by the defendant, and was in his thirties.

14. As part of this reorganization, the plaintiff was demoted from lead person to the position of assembler and packer on or about June 1, 2015.

15. The person who replaced the plaintiff as lead person on or about June 1, 2015, Yura Crespo, was also in her thirties.

16. Throughout the plaintiff's time as a lead person, she never got a work helper to assist her. Upon information and belief, Ms. Crespo got a work helper right away when she asked.

17. After the plaintiff's demotion, she was still essentially doing the lead person job because she had to instruct Ms. Crespo on how to do everything.

18. Soon after Mr. Bessett took over as the plaintiff's supervisor, he began a campaign to terminate older employees who had long tenures with the defendant.

19. By way of example, in the plaintiff's annual review in June 2015, Mr. Bessett criticized the plaintiff's hourly rate of pay as being too high. This was in effect a criticism of the plaintiff's age, as the reason for her rate of pay was her long tenure with the defendant. The plaintiff also did not receive a raise. Mr. Bessett stated that the defendant wanted everyone on the same pay level.

20. By way of another example, at one point Mr. Bessett specifically told the plaintiff that the defendant wanted to get younger and hire people who had served in the military.

21. In or about September or October 2015, Ms. Crespo told the plaintiff that she was a good employee and that the plaintiff was one of the best employees she had.

22. On or about November 2, 2015, the defendant approached the plaintiff and notified the plaintiff that she was being laid off due to a lack of work.

23. As far as the plaintiff was aware, she and one (1) other employee, Karen (last name unknown), whose approximate age was fifty-five (55) years old, were the only employees laid off due to this purported lack of work.

24. Other younger employers with much less seniority for the defendant were not targeted for layoffs.

25. Furthermore, due to the plaintiff's long tenure with the defendant, she had the ability to perform numerous jobs within her department, and also within other departments.

26. Even if the defendant truly lacked work for her position, it was suspect that the plaintiff was chosen for a layoff instead of the defendant laying off a younger, less experienced person and transferring the plaintiff to that position.

27. The defendant therefore wrongfully terminated the plaintiff on or about November 2, 2015.

28. The aforementioned conduct of the defendant amounts to unlawful discrimination and wrongful termination due to the plaintiff's age, in violation of the CFEPA, Connecticut General Statutes § 46a-60 (a) (1).

29. As a result of the foregoing unlawful conduct of the defendant, the plaintiff was denied the opportunity of gainful employment. As such, the plaintiff has suffered a substantial loss of income and employment benefits, and will continue to suffer the loss of the same all to her loss and detriment.

30. As a further result of the foregoing unlawful conduct, the plaintiff has incurred attorney's fees and costs in order to obtain the rights to which she is entitled.

31. As a further result of the foregoing unlawful conduct of the defendant, the plaintiff has suffered, and will continue to suffer in the future, considerable emotional and psychological distress, pain, and suffering.

SECOND COUNT: Perceived Disability Discrimination and Wrongful Termination in violation of Connecticut General Statutes § 46a-60 (a) (1)

1. The plaintiff fully and completely incorporates the allegations of paragraphs one (1) through twenty-seven (27) of the first count into this, the second count, as if fully stated herein.

28. The aforementioned conduct of the defendant amounts to unlawful discrimination and wrongful termination due to the plaintiff's perceived disability, in that she took leave in order to undergo surgery, in violation of the CFEPA, Connecticut General Statutes § 46a-60 (a) (1).

29. As a result of the foregoing unlawful conduct of the defendant, the plaintiff was denied the opportunity of gainful employment. As such, the plaintiff has suffered a substantial loss of income, wages, and other employment benefits, and will continue to suffer the loss of the same all to her loss and detriment.

30. As a further result of the foregoing unlawful conduct, the plaintiff has incurred attorney's fees and costs in order to obtain the rights to which she is entitled.

31. As a further result of the foregoing unlawful conduct of the defendant, the plaintiff has suffered, and will continue to suffer in the future, considerable emotional and psychological distress, pain, and suffering.

THIRD COUNT:              Retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2612, *et seq.*

1. The plaintiff fully and completely incorporates the allegations of paragraphs one (1) through twenty-seven (27) of the first count into this, the third count, as if fully stated herein.

28. The plaintiff was retaliated against, and subject to adverse employment actions for exercising her rights under the FMLA, 29 U.S.C. § 2612, *et seq.*

29. As a result of the defendant's actions, the plaintiff has suffered, and will suffer, a substantial loss of income, wages, and other employment benefits, and will continue to suffer the loss of the same all to her loss and detriment.

30. As a further result of the foregoing unlawful conduct, the plaintiff has incurred attorney's fees and costs in order to obtain the rights to which she is entitled.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,
MARGARITA GONZALEZ

By: _____
Andrew T. Redman, Esq.
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, CT 06114
Telephone: (860) 296-3457
Facsimile: (860) 296-0676
Email: aredman@cicchielloesq.com
Her Attorneys

A TRUE COPY
ATTEST
STUART E. WOODS
STATE MARSHAL
MIDDLESEX COUNTY

| | |
|---|---|
| RETURN DATE: SEPTEMBER 27, 2016 : | SUPERIOR COURT |
| : | |
| MARGARITA GONZALEZ : | J.D. OF NEW BRITAIN |
| : | |
| V. : | AT NEW BRITAIN |
| : | |
| LYMAN PRODUCTS CORPORATION : | AUGUST 25, 2016 |

## PRAYER FOR RELIEF

*WHEREFORE*, the plaintiff prays for the following relief:

1. Monetary damages;

2. Reinstatement of employment or front pay;

3. Costs and reasonable attorney's fees;

4. Liquidated damages pursuant to 29 U.S.C. § 2617 (a) (1); and

5. Such additional or alternative relief as may appear to the court to be just, reasonable, and equitable.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,
MARGARITA GONZALEZ

By: _____
Andrew T. Redman, Esq.
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, CT  06114
Telephone:  (860) 296-3457
Facsimile:  (860) 296-0676
Email: aredman@cicchielloesq.com
Her Attorneys

A TRUE COPY
ATTEST

STUART E. WOODS
STATE MARSHAL
MIDDLESEX COUNTY

7

| | |
|---|---|
| RETURN DATE: SEPTEMBER 27, 2016 | SUPERIOR COURT |
| MARGARITA GONZALEZ | J.D. OF NEW BRITAIN |
| V. | AT NEW BRITAIN |
| LYMAN PRODUCTS CORPORATION | AUGUST 25, 2016 |

## STATEMENT OF AMOUNT IN DEMAND

The undersigned herein certifies that the amount in controversy exceeds $15,000.00, exclusive of costs or interest.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,
MARGARITA GONZALEZ

By: _____
Andrew T. Redman, Esq.
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, CT  06114
Telephone:  (860) 296-3457
Facsimile:  (860) 296-0676
Email: aredman@cicchielloesq.com
Her Attorneys

A TRUE COPY
ATTEST
_____
STUART E. WOODS
STATE MARSHAL
MIDDLESEX COUNTY

8

# *EXHIBIT A*

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

<u>Margarita Gonzalez</u>
COMPLAINANT

CHRO No. 1630336

vs

EEOC No. 1630336

<u>Lyman Products Corporation</u>
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

DATE: June 6, 2016         Tanya A. Hughes, Executive Director

cc: Margarita Gonzalez – via regular mail
    Matthew D. Paradisi, Esq. – mparadisi@cicchielloesq.com
    Brian J. Farrell, Jr. – efiling@bfarrelllaw.com

STATE OF CONNECTICUT )
                     ss: Middletown          August 30, 2016
COUNTY OF MIDDLESEX  )

Then and by virtue of the original writ and by direction of the plaintiff's attorney, I made due and legal service upon the within named defendant LYMAN PRODUCTS CORPORATION by leaving a true and attested copy of the original Writ, Summons, Complaint, and Exhibit with and in the hands of RICHARD W. TOMC, it's Registered Agent for Service of Process, and duly authorized to accept service for the within named defendant LYMAN PRODUCTS CORPORATION at said 49 Main Street, Middletown, Connecticut.

The within and foregoing is the original Writ, Summons, Complaint, and Exhibit with my doings hereon endorsed.

Fees:                           ATTEST: [signature]
Service.........40.00
Copy............11.00
Endorsement..... 1.60           Stuart E. Woods
Travel..........                State Marshal Middlesex County
                ─────────
         $ 52.60